■ GRAZYNA MICHALSKI, Respondent, v BOGDAN L. MICHALSKI, Appellant.—In an action in which the plaintiff wife was granted a divorce, the defendant appeals from (1) an order of the Supreme Court, Kings County, dated April 28, 1977, which, *inter alia,* directed the entry of a money judgment in favor of the plaintiff in the sum of $5,125, representing arrears in alimony and child support, (2) a further order of the same court dated July 12, 1977, which, *inter alia,* denied the defendant's motion to vacate the prior order and (3) a further order of the same court dated October 6, 1978, which, *inter alia,* directed the entry of a money judgment in favor of the plaintiff in the sum of $5,625. Appeal from order dated October 6, 1978 dismissed, without costs or disbursements. No appeal lies from an order entered on default. Order dated July 12, 1977, reversed, without costs or disbursements, motion granted, order dated April 28, 1977 vacated and matter remanded to Special Term for a hearing in accordance herewith. By order dated April 28, 1977, Special Term, *inter alia,* directed the entry of a money judgment in favor of the plaintiff in the sum of $5,125, representing arrears in alimony and child support for a period of time which included a part of the month of April, 1977. In the moving papers on the defendant husband's application to vacate that order, he stated that he has been totally disabled since October 24, 1976 when he suffered a head injury as

the victim of a crime; he is thousands of dollars in debt for medical expenses and he is arranging for disability support payments to be made directly to his wife. His attorney stated that the wife has at times prevented visitation by concealing the whereabouts of herself and the children and that her attorney should not have been awarded a fee "when viewed in context with certain conduct on the part of counsel". Special Term denied the application without a hearing. In a matrimonial action an order directing the entry of judgment for the amount of arrears is made in the court's discretion "having a regard to the circumstances of the respective parties" (Domestic Relations Law, § 244). On this record the motion to vacate the order dated April 28, 1977, should have been granted and the parties given the opportunity to present new evidence. Titone, J. P., Lazer, Margett and Martuscello, JJ., concur.